# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JAYLAN DESHAWN TRAVISS,

      Defendant-Appellant.

UNPUBLISHED
October 25, 2018

No. 339619
Muskegon Circuit Court
LC No. 17-001077-FC

Before: BOONSTRA, P.J., and O'CONNELL and TUKEL, JJ.

PER CURIAM.

At the conclusion of a bench trial, defendant was convicted of first-degree murder (felony murder), MCL 750.316(1)(b), armed robbery, MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant appeals as of right, and we affirm.

## I. BASIC FACTS

This case originated from a drug deal and two drug-related armed robberies. Defendant was driving around with his stepbrother, Corey Burt, when his stepbrother contacted Jason Jones to buy marijuana. When they met with Jones, defendant used a gun to rob him, from which defendant obtained, among other things, Jones's cell phone. Defendant then used the phone stolen from Jones to contact the murder victim, Charles Cuti, to buy marijuana wax, a premium type of marijuana.[1] The stepbrother testified that when the murder victim left the car to obtain more marijuana wax to sell to them, defendant told the stepbrother that he was going to rob the victim upon his return. When the victim returned with more marijuana wax, defendant pointed a gun at him. The stepbrother stated that he did not want to allow defendant to commit a second armed robbery that night and tried to grab the gun from defendant to prevent the robbery. Instead, while struggling, the gun went off, shooting the victim. The victim died from the gunshot wound shortly thereafter.

---

[1] Because defendant was not charged in this case with the robbery of Jones, our references to "the victim" are interchangeable with our references to "the murder victim," and in all instances refer to Cuti.

## II. ANALYSIS

Defendant argues that insufficient evidence was proffered at trial to support his conviction of felony murder. We disagree.

A challenge to the sufficiency of the evidence in a bench trial is reviewed de novo. *People v Lanzo Const Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006). On appeal, a trial court's findings of fact may not be set aside unless they are clearly erroneous. MCR 2.613(C); *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). A finding of fact is clearly erroneous if, after a review of the entire record, we are left with a definitive and firm conviction that a mistake has been made. *People v Lombardo*, 216 Mich App 500, 504; 549 NW2d 596 (1996).

In deciding challenges to the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Bennett*, 290 Mich App 465, 471-472; 802 NW2d 627 (2010). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Jolly*, 442 Mich 458, 466; 502 NW2d 177 (1993). Further, "[a]ll conflicts in the evidence must be resolved in favor of the prosecution." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

To establish the elements of felony murder, MCL 750.316(1)(b), the prosecution must prove that (1) defendant caused the death of a human being, (2) with the intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result, (3) while committing, attempting to commit, or assisting in the commission of an enumerated felony. *People v Carines*, 460 Mich 750, 759; 597 NW2d 130 (1999). Robbery is one of the enumerated predicate offenses of felony murder. MCL 750.316(1)(b). Further, "it is well settled that identity is an element of every offense." *People v Yost*, Mich App 341, 356; 749 NW2d 753 (2008).

Defendant's challenges on appeal focus on two of the elements of felony murder. Defendant argues that there was insufficient evidence to show that it was he who caused the death of the murder victim, and he also argues that there was insufficient evidence to prove that the murder occurred while committing an armed robbery. The definition of armed robbery includes a larceny during which a defendant possesses a dangerous weapon or uses force or violence. MCL 750.529, 750.530; see *People v Williams*, 288 Mich App 67, 71 n 2, 73; 792 NW2d 384 (2010). Michigan has "no statutory definition of larceny, and all our statutes use it in its common law sense." *People v March*, 499 Mich 389, 399-400; 886 NW2d 396 (2016) (quotation marks and citation omitted). The common law definition of larceny is "(a) a trespassory taking and (b) the carrying away (c) of the personal property (d) of another (e) with intent to steal that property." *Id*. at 401.

We conclude that there was sufficient evidence for the trial court to find that it was defendant who caused the death of the victim. The stepbrother was in the car with defendant and testified that defendant said he was going to rob the victim. The stepbrother also testified that defendant used a gun that he always carried, the same gun that defendant had used to rob Jones earlier that day. The stepbrother further testified that defendant pointed the gun at the victim.

He also testified that he tried to grab the gun from defendant to prevent the robbery of the victim and that during a struggle with the defendant, the gun went off. Taking this evidence in the light most favorable to the prosecution, it is sufficient to prove that defendant caused the shooting. He pointed the gun at the victim to effectuate a planned robbery, and that course of events led to the victim being shot and killed. The fact that the stepbrother also was a cause of the shooting is irrelevant, as there can be more than one person who constitutes a cause. See *People v Bailey*, 451 Mich 657, 676; 549 NW2d 325 (1996) ("[I]t is not necessary that a party convicted of a crime be the sole cause of that harm, only that he be a contributory cause that was a substantial factor in producing the harm."). In addition, a third-party's intervention which leads to the victim being killed will not relieve a defendant from the felony-murder statute unless that intervening act was "the sole cause of the harm." See *id*. at 677. And here, because defendant planned to rob the victim and pulled a gun out to effectuate the robbery, the stepbrother's act of trying to stop the robbery cannot be deemed the "sole cause" of the victim's death; indeed, such an action is reasonably foreseeable. See *People v Schaefer*, 473 Mich 418, 437-438; 703 NW2d 774 (2005) (stating that if an intervening act or cause was reasonably foreseeable, then it does not sever proximate cause).

Defendant also argues that the evidence disproves the stepbrother's testimony about grabbing the gun and instead shows that it was the stepbrother who alone shot the victim. Defendant claims that the medical examiner's testimony supports this version of events. However, the prosecution is not required to disprove every plausible alternative explanation of the evidence proffered by a defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). A reasonable trier of fact could conclude that the stepbrother was credible at trial, despite his having made inconsistent statements in the past. Further, the medical examiner specified that he could not determine whether the shooter more likely had been in the driver or passenger seat. Instead, the medical examiner stated only that there was a range of possibilities, which, contrary to defendant's argument, falls short of undermining the stepbrother's testimony.

Defendant's arguments focus on the credibility of the stepbrother. However, if resolution of a disputed factual question turns on the credibility of witnesses or the weight of the evidence, we defer to the trial court, which had a superior opportunity to evaluate these matters. See *People v Marshall*, 204 Mich App 584, 587; 517 NW2d 554 (1994). There is no question that a significant amount of this case was dependent upon the stepbrother's testimony and that the stepbrother had an incentive to place the blame on defendant and to reap the benefit of a plea deal for his own upcoming sentencing. Here, the trial court spent a significant amount of time evaluating the stepbrother's credibility on the record. The trial court thoroughly evaluated the stepbrother's demeanor, how his story aligned with other witnesses, his incentives, any inconsistencies, and other such factors touching on the stepbrother's credibility. As a result, we have no reason to question the trial court's credibility determination and defer to its findings in that regard. See *id*. Therefore, accepting as we must the stepbrother's testimony describing defendant pulling a gun out and pointing it at the victim leading up to the shooting, we hold that there was sufficient evidence for the trial court to find that defendant caused the victim's death.

Sufficient evidence also supported the finding that the defendant, at the time of the murder, was engaged "in the perpetration of, or attempt to perpetrate" a robbery, which is one of the listed predicate felonies in the felony-murder statute, MCL 750.316(1)(b). Defendant argues that "there was no robbery," and therefore, no felony underlying the felony murder.

To begin with, the felony-murder statute encompasses "murder committed in the perpetration of, *or attempt to perpetrate*" any of the enumerated felonies, including robbery, MCL 750.316(1)(b) (emphasis added). Thus, even if defendant did not complete the robbery, there is no question that he was attempting to perpetrate one. But in any case, the evidence was sufficient to show that a robbery was completed. The stepbrother testified that the victim left the wax on the scale in the vehicle with defendant while the victim went to get more. At no point was any evidence proffered that the initial wax was taken off the scale. The stepbrother also testified that defendant said he was going to rob the victim while the victim was getting more wax. And the victim did return to the car and added more wax to the scale. The fact that *some* wax was found in the victim's hand does not mean that defendant and the stepbrother did not take *any* of the wax when they drove away after the shooting. Indeed, another witness's testimony bolstered the stepbrother's version of events. And according to the trial court, a surveillance video also supported the stepbrother's testimony.[2]

Therefore, we hold that the trial court's findings were not clearly erroneous and that, when viewed in the light most favorable to the prosecution, there was sufficient evidence to support defendant's conviction for felony murder.

Affirmed.

/s/ Mark T. Boonstra
/s/ Peter D. O'Connell
/s/ Jonathan Tukel

---

[2] Defendant does not challenge the final element of felony murder, which required the prosecution to prove that he acted with the intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result. Viewing the evidence in the light most favorable to the prosecution, there was, at a minimum, sufficient evidence to find that defendant, by pointing a gun at the victim during the robbery of illegal drugs "created a high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result." Indeed, the result of the entire sequence of events demonstrates quite clearly that death was a probable result.